UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MAXUM ENTERPRISES LLC, d/b/a
PILOT THOMAS LOGISTICS,

      Plaintiff,

v.                                                                                      Case No. 8:20-mc-59-T-30AEP

AUTOMOTIVE FLEET ENTERPRISES,
INC., *et al.*,

      Defendants.

_____

## **REPORT AND RECOMMENDATION**

      This matter comes before the Court upon the Agreed Motion for Final Judgment of Garnishment. A judgment in the amount of $954,800 was entered in favor of Plaintiff Maxum Enterprises LLC d/b/a Pilot Thomas Logistics ("Plaintiff") in an action between the parties on May 26, 2020 in the United States District Court for the Northern District of Texas, which Plaintiff subsequently registered in the United States District Court for the Middle District of Florida on July 20, 2020 (Doc. 1). *See* 28 U.S.C. § 1963. Plaintiff, as the judgment creditor, believed that Defendants held a bank account with funds in the possession or control of Garnishee First Home Bank ("Garnishee" or "First Home Bank") and thus requested that the Court issue a writ of garnishment directed to Garnishee in order to recover on the outstanding judgment (Doc. 6).

      Pursuant to Rule 69, Federal Rules of Civil Procedure, federal courts must follow state law regarding execution of a judgment. Fed. R. Civ. P. 69(a)(1). Florida Statute § 77.01 allows recovery of a money judgment via a writ of garnishment, thus permitting this Court to enforce the judgment through a writ of garnishment issued pursuant to Florida law. Accordingly, the

undersigned granted Plaintiff's request for issuance of a writ of garnishment, and the Clerk issued the writ of garnishment upon Garnishee (Docs. 7 & 8).  Subsequently, Garnishee answered the writ of garnishment and indicated that it possessed a bank account owned by Defendant Automotive Fleet Enterprises, Inc.,[1] which held funds in the amount of $100,930.72 (Doc. 11).  Plaintiff, with the consent of Defendants, now seeks entry of final judgment of garnishment, asking that the Court enter a judgment directing that the garnished funds be paid by Garnishee directly to Plaintiff through counsel.  Upon consideration, the undersigned finds good cause to grant the motion.  Accordingly, it is hereby

RECOMMENDED:

1. The Agreed Motion for Final Judgment of Garnishment (Doc. 13) be GRANTED.

2. Judgment be entered in favor of Plaintiff, indicating that First Home Bank shall pay the garnished funds directly to Plaintiff by submitting a check in the sum of $100,930.72 payable to Jones Walker LLP Client Trust Account and sending the check overnight to Michael Anthony Shaw, Esq., Jones Walker LLP, 201 South Biscayne Boulevard, Suite 2600, Miami, Florida 33131.

IT IS SO REPORTED in Tampa, Florida, on this 2nd day of December, 2020.

ANTHONY E. PORCELLI
United States Magistrate Judge

---

[1] Garnishee's answer identifies Defendant as "Automated Fleet Enterprises, Inc." (Doc. 11).  This appears to be a scrivener's error.

3

## **NOTICE TO PARTIES**

A party has fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

cc:  Hon. James S. Moody, Jr.
     Counsel of Record